Filed 10/8/14  P. v. Ramborger CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075129 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F06016) |
| v. | |
| MICHAEL RAY RAMBORGER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Ray Ramborger asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no errors, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)  Narcotics officers were performing surveillance of defendant, who was out on bail for another crime and was

1

subject to a search condition while on post release community supervision, when they detained defendant and searched the vehicle he was driving. They found 40 grams of methamphetamine and $400 on his person. In the car, they found an additional 130 grams of methamphetamine, seven grams of heroin, numerous baggies, a digital scale, a loaded handgun, and additional ammunition for the gun.

Defendant was charged with possession of methamphetamine for purpose of sale (Health & Saf. Code, § 11378; count 1); transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 2); possession of heroin for purpose of sale (Health & Saf. Code, § 11351; count 3); transportation of heroin (Health & Saf. Code, § 11352, subd. (a); count 4); possession of a handgun by a convicted felon (Pen. Code, § 29800, subd. (a)(1); count 5; undesignated section references are to the Penal Code); possession of ammunition by a convicted felon (§ 30305, subd. (a)(1); count 6); and receipt of stolen property (§ 496, subd. (a); count 7). As to counts 1 through 4, it was alleged defendant had suffered six prior felony convictions within the meaning of Health and Safety Code section 11370.2, subdivisions (a) and (c), and had served six prior prison terms for those convictions within the meaning of section 667.5, subdivision (b). It was also alleged defendant committed all charged offenses while released on bail relative to another offense within the meaning of section 12022.1.

Defendant pleaded no contest to counts 1 through 5 and admitted the six prior convictions, with the understanding he would be sentenced to prison (with a floor of 18 years eight months and a lid of 24 years eight months) and remaining charges and allegations would be dismissed. At sentencing, the trial court declined to strike any of defendant's prior strikes, determined defendant was ineligible for probation, sentenced defendant to an aggregate term of 24 years eight months, and dismissed the remaining charges and allegations. The aggregate sentence is comprised of: the upper term of five years for count 4; the upper term of three years for count 1, stayed pursuant to section 654; one year (one-third of the middle term) for count 2; four years for count 3, stayed

pursuant to section 654; eight months (one-third of the middle term) for count 5; and 6 three-year terms for prior prison terms pursuant to Health and Safety Code section 11370.2, subdivisions (a) and (c).

The court awarded defendant 774 days of credit (387 actual and 387 conduct) pursuant to section 4019. Pursuant to a request from defendant's counsel, the trial court corrected this award to 776 days of credit. The trial court also imposed a restitution fine of $280 (§ 1202.4), a parole revocation restitution fine of $280 (§ 1202.45), a court operations fee of $200 (§ 1465.8, subd. (a)(1)), and a court facility fee of $150 (Gov. Code, § 70373). The court waived the main jail booking and classification fees enumerated in Government Code section 29550.2, subdivision (a), and ordered defendant to register pursuant to Health and Safety Code section 11590. Defendant appealed without a certificate of probable cause.

DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

          HULL          , J.

We concur:

       RAYE          , P. J.

      DUARTE       , J.